UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.

SHURLA LEWANDOWSKI,

    Plaintiff,

v.

TWINS INN & APARTMENTS LLC, a Florida limited liability company, GULF WINDS DR APARTMENTS LLC, a Florida limited liability Company, 2ND STREET APARTMENTS LLC, a Florida limited liability company d/b/a PALM GROVE INN, VIVIAN PAK, LIMIN SUN, and JIANXUN SUN a/k/a JOHN SUN,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED

Plaintiff, SHURLA LEWANDOWSKI, ("LEWANDOWSKI"), by and through her undersigned attorney, files this, her Complaint for Damages against Defendants, TWINS INN & APARTMENTS LLC (hereinafter, "TWINS"), GULF WINDS DR APARTMENTS LLC (hereinafter, "GULF"), 2ND STREET APARTMENTS LLC d/b/a PALM GROVE INN (hereinafter, "PALM"), VIVIAN PAK (hereinafter, "PAK"), LIMIN SUN, and JIANXUN SUN a/k/a JOHN SUN (hereinafter, "JIANXUN SUN") and states as follows:

## INTRODUCTION

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the Defendants, TWINS, GULF and PALM, were enterprises engaged in interstate commerce, respectively. At all times pertinent to this Complaint, TWINS, GULF and PALM regularly owned and operated a business enterprise, respectively, engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. The Defendants operated three lodging/apartment establishments, Plaintiff's work at these businesses involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. These materials included office supplies, telephones, credit card processing equipment, tools, electronic equipment, paper, bedding supplies, cleaners, and other materials necessary for the operation of a lodging establishment—and, were manufactured outside the State of Florida.

4. During the relevant time period, each of the Defendants' enterprise employed at least two other individuals besides the Plaintiff, who were "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i). These materials included office supplies, telephones, tools, cleaners, bedding supplies, computers, electronic equipment, paper, and other materials necessary for the operation of a lodging establishment—and, were manufactured outside the State of Florida.

5. Upon information and belief, during the period of the Plaintiff's employment, the Defendants' enterprise had an annual gross volume of sales made or business done of not less than five hundred thousand dollars in accordance with §203(s)(1)(A)(ii).

6. In addition to the foregoing, the Plaintiff is entitled to the protections of the FLSA as she was "individually covered" by that statute. During the Plaintiff's employment, she was required to use instrumentalities of interstate commerce on a regular and recurrent basis. The Plaintiff used instrumentalities of interstate commerce (telephone/broadband) on a regular and recurrent basis to, *inter alia,* assist in the operating of the Defendants' lodging businesses, particularly as to lodging guests residing out-of-state. In addition, on a regular and recurrent basis, Plaintiff processed credit card payments for the Defendants using instrumentalities of interstate commerce to make calls and or connections (*via* telephone and/or broadband) to banks and credit card processors outside the State of Florida.

7. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

8. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Middle of Florida.

## **VENUE**

9. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida and,

    b. Defendants were and continue to be a corporation and individuals doing business within this judicial district.

## PARTIES

10. At all times material hereto, Plaintiff, LEWANDOWSKI was a resident of Pinellas County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

11. At all times material hereto, the Defendants were conducting business in Pinellas County, Florida.

12. At all times material hereto, Defendants were the employers of Plaintiff, LEWANDOWSKI.

13. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

14. At all times material hereto, Defendants failed to pay Plaintiff, LEWANDOWSKI wages in conformance with the FLSA.

15. Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

16. At all times material hereto, corporate Defendants, TWINS, GULF and PALM were "enterprise[s] engaged in commerce" within the meaning of the FLSA.

17. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

18. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

19. Commencing on or about June 2014, Plaintiff, LEWANDOWSKI was hired by the Defendants to perform work at the Defendants' multiple lodging establishments.

20. While employed, the Plaintiff operated Defendants' motel/inn offices, and engaged in housekeeping, maintenance, checking in/out guests, and customer service, among other things.

21. The Defendants' businesses are frequently visited by out-of-state residents. Because the Plaintiff frequently worked in the Defendants' offices, and because calls would forward to Plaintiff's cell phone, the Plaintiff frequently would speak to lodging guests (or prospective guests) who were outside the State of Florida, regarding lodging/ business.

22. Each of the Defendants, respectively, failed to keep accurate time records reflecting Plaintiff's work hours each day and each week.

23. The respective Defendants failed to keep pay records reflecting Plaintiff's work hours each day and each week.

24. The respective Defendants failed to keep time records reflecting Plaintiff's work hours in full compliance with the FLSA's recordkeeping requirements.

25. Plaintiff, LEWANDOWSKI was paid about $11.50 per hour.

26. During Plaintiff's employment, the Defendants failed to pay Plaintiff overtime at the rate of time-and-one-half her regular hourly rate of pay

27. Defendants knowingly, willfully and maliciously operated their business with a policy of not paying overtime wages, respectively, for each and every hour worked by Plaintiff in conformance with the applicable law.

28. Defendant PAK was a supervisor and manager/owner who was involved in the day-to-day operations of TWINS, GULF an PALM and/or was directly responsible for the supervision of Plaintiff. Therefore, she is personally liable for the FLSA violations.

29. Defendant LIMIN SUN was a supervisor and manager/owner who was involved in the day-to-day operations of TWINS, GULF an PALM and/or was directly responsible for the supervision of Plaintiff. Therefore, he is personally liable for the FLSA violations.

30. Defendant JIANXUN SUN a/k/a JOHN SUN was a supervisor and manager/owner who was involved in the day-to-day operations of TWINS, GULF an PALM and/or was directly responsible for the supervision of Plaintiff. Therefore, he is personally liable for the FLSA violations.

31. Defendants, PAK was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

32. Defendants, LIMIN SUN was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

33. Defendants, JIANXUN SUN a/k/a JOHN SUN was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

34. Plaintiff has retained Bober & Bober, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

35. Plaintiff, LEWANDOWSKI realleges Paragraphs 1 through 34 as if fully stated herein.

36. Since Plaintiff's date of hire with Defendants, in addition to Plaintiff's normal regular work week, the Plaintiff worked additional hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half.

37. Plaintiff was entitled to be paid at the rate of time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

38. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by Plaintiff in excess of the maximum hours provided for in the FLSA.

39. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

40. Defendants also failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

41. Due to the willful, malicious and unlawful acts of Defendants, Plaintiff has suffered damages in the amount of the previously unpaid overtime wages.

42. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

43. The Plaintiff is entitled to attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against the Defendants:

    a. Declaring that the Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

    b. Awarding Plaintiff overtime compensation in the amount calculated;

    c. Awarding Plaintiff liquidated damages;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e. Awarding Plaintiff post-judgment interest; and

    f. Ordering any other and further relief this Court deems to be just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Date:  November 17, 2020.

                                Respectfully submitted,

                                BOBER & BOBER, P.A.
                                Attorneys for Plaintiff
                                2699 Stirling Road
                                Suite A-304
                                Hollywood, FL 33312
                                Phone: (954) 922-2298
                                Fax: (954) 922-5455
                                peter@boberlaw.com
                                samara@boberlaw.com

                By:    s/.  Peter Bober
                         PETER BOBER
                         FBN:  0122955